IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| GREGORY J. HALPERN, | ) |
|                *Plaintiff*, | ) |
| v. | ) |
| CITADEL SECURITIES LLC; KNIGHT SECURITIES; VIRTU FINANCIAL; CANTOR FITZGERALD; CANACCORD GENUITY; CHARLES SCHWAB & CO.; E*TRADE SECURITIES LLC; JPMORGAN CHASE & CO.; GOLDMAN SACHS GROUP INC.; MERRILL LYNCH; UBS ASSET MANAGEMENT, INC.; CREDIT SUISSE INC.; DEUTSCHE BANK SECURITIES; DTCC (DEPOSITORY TRUST & CLEARING CORPORATION); HARVEY VECHERY; HAROLD BLAISURE; MICHAEL TURNER; CONSTANCE NASH; DEVINE MAFA; ALRED HILDERBRAND; INVESTOR HUB (IHUB); YAHOO; MARY SCHAPIRO; MARY JO WHITE; JAY CLAYTON; THE SECURITIES & EXCHANGE COMMISSION; AND DOES 1-100, | ) Case No. 25-cv-50269 |
|                *Defendants*. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Canaccord Genuity, Cantor Fitzgerald, Charles Schwab & Co., Inc., Citadel Securities LLC, Depository Trust & Clearing Corporation, Deutsche Bank Securities Inc., E*Trade Securities LLC, The Goldman Sachs Group Inc., Harvey Vechery, Michael Turner, UBS Asset Management Inc., Virtu Financial, and Yahoo Finance LLC (incorrectly sued as Yahoo) ("Yahoo Finance"), hereby give timely notice of the removal of this matter

from the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois to this Court. As grounds for removal, Defendants state as follows:

## INTRODUCTION

1. On May 1, 2025, Gregory J. Halpern, a *pro se* plaintiff, filed a Complaint in the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois against entities listed as Citadel Securities LLC, Knight Securities,[1] Virtu Financial, Cantor Fitzgerald, Canaccord Genuity, Charles Schwab & Co., Inc.,[2] E*Trade Securities LLC, JP Morgan Chase & Co., Goldman Sachs Group Inc., Merrill Lynch, UBS Asset Management, Inc., Credit Suisse Inc., Deutsche Bank Securities, Depository Trust & Clearing Corporation, Harvey Vechery, Harold Blaisure, Michael Turner, Constance Nash, Devine Mafa, Alfred Hildebrand, Investor Hub, Yahoo Finance, Mary Schapiro, Mary Jo White, Jay Clayton, the Securities and Exchange Commission, and Does 1-100. The case was assigned Case No. 2025-MR-000097. A true and correct copy of the Complaint is attached as Exhibit 1. On May 2, 2025, Plaintiff filed an Amended Complaint (the "Complaint" or "Cmplt.") and a true and correct copy of this Complaint is attached as Exhibit 2.

2. Plaintiff alleges that he is the founder and "Super Majority Shareholder" of Max Sound Corporation ("MAXD") and that Defendants engaged in a "multi-tiered scheme to defraud MAXD investors, seize control of Plaintiff's company, destroy American Small Business, and manipulate public markets using illegal tactics

---

[1] Plaintiff has named "Knight Securities" as a defendant in this action and purportedly effected service upon that entity. However, "Knight Securities" is not the name of any existing legal entity.
[2] Plaintiff's Complaint names "Charles Schwab & Co." as a Defendant, but the entity's proper name is "Charles Schwab & Co., Inc."

including naked short selling, false online narratives, regulatory abuse, and insider fraud and betrayal." Cmplt. ¶¶ 1-2.

3. Plaintiff attempts to bring the following claims against Defendants: 1) fraud under Illinois common law, 2) securities fraud under the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 10b-5, 3) securities fraud under the Illinois Securities Law (815 ILCS 5/12), 4) civil conspiracy under Illinois common law, 5) breach of fiduciary duty under Illinois common law,[3] 6) defamation under Illinois common law, 7) "market manipulation," 8) declaratory relief under the Illinois Declaratory Judgment Act (735 ILCS 5/2-701), 9) Federal Racketeer-Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. §§ 1961–1964), 10) Illinois RICO (720 ILCS 5/33G), and 11) intentional infliction of emotional distress under Illinois common law. Cmplt. pp. 59-63.

4. The Removing Defendants[4] remove this action under 28 U.S.C. § 1441.[5] As set forth more fully below, Plaintiff asserts claims against the Removing Defendants that arise under federal law – including claims over which federal courts have exclusive jurisdiction – and therefore this Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 78aa(a).

---

[3] Plaintiff asserts an Illinois breach of fiduciary duty claim against only a subset of the Defendants.
[4] The Removing Defendants include Canaccord Genuity, Cantor Fitzgerald, Charles Schwab & Co., Inc., Citadel Securities LLC, Depository Trust & Clearing Corporation, Deutsche Bank Securities Inc., E*Trade Securities LLC, The Goldman Sachs Group Inc., Harvey Vechery, Michael Turner, UBS Asset Management Inc., Virtu Financial, and Yahoo Finance.
[5] Removing Defendants do not admit that they have been properly served with the Complaint and reserve all rights, including the right to challenge the sufficiency of service.

I. **THIS CASE IS REMOVABLE BASED ON FEDERAL QUESTION JURISDICTION**

5. Under 28 U.S.C. § 1331, United States district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States."

6. Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any action filed in state court asserting a claim that arises under federal law. *See*, *e.g.*, *Mitchell v. Pepsi-Cola Bottlers, Inc.*, 772 F.2d 342, 344 (7th Cir. 1985) ("[A] defendant may remove a cause of action presenting a federal question to federal court without regard to diversity of citizenship.").

7. Here, Plaintiff asserts multiple claims that arise under federal law. First, Plaintiff asserts a securities fraud claim under the Exchange Act and SEC Rule 10b-5. Under 15 U.S.C. § 78aa(a), federal courts have exclusive jurisdiction of this claim. *Id*. (forbidding state courts from hearing cases "brought to enforce any liability or duty created by [the Exchange Act] or the rules or regulations thereunder."). Federal removal jurisdiction is "not precluded … because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(f). Second, Plaintiff asserts a claim under the Federal RICO statute (18 U.S.C. §§ 1961–1964), including alleging that Defendants committed predicate acts in violation of federal law.[6] Accordingly, this case presents federal questions and removal is appropriate under 28 U.S.C. § 1441(a).

---

[6] Unlike Plaintiff's asserted federal securities claim, federal jurisdiction is not exclusive for its federal RICO claim.

8. With regard to Plaintiff's remaining claims, this Court has supplemental jurisdiction over them under 28 U.S.C. § 1367(a) because they form a part of the same case or controversy as those causes of action over which the Court has original jurisdiction. *See, e.g.*, *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999).

9. Venue is proper in the United States District Court for the Northern District of Illinois, Western Division pursuant to 28 U.S.C. § 1441(a) because the Court encompasses the county in which the state court action is pending.

## II. ALL PROCEDURAL REQUIREMENTS OF REMOVAL ARE SATISFIED

10. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of when Plaintiff purportedly began serving the Complaint on the Removing Defendants on May 21, 2025.[7]

11. A true and correct copy of all process, pleadings, orders, and other documents (aside from the Complaint and the Amended Complaint) filed or attempted to be served upon Citadel Securities LLC, along with a copy of the docket sheet, are attached within Exhibit 3. 28 U.S.C. § 1446(a). No substantive motions are currently pending in the state court action except for Plaintiff's Motion for Default Judgment against Michael Turner, which was filed on June 16, 2025.

12. Written notice of the filing of this Notice of Removal shall be promptly served on all parties herein, and a copy of this Notice shall promptly be filed with the Clerk of the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois pursuant to 28 U.S.C. § 1446(d).

---

[7] Plaintiff attempted service of the Complaint on Defendants Canaccord Genuity, Cantor Fitzgerald, Harvey Vechery, and Michael Turner before May 21, 2025. Although unanimous consent is not required, those Defendants consent to removal by the Removing Defendants pursuant to 28 U.S.C. § 1446(b)(2)(C).

5

13. Because federal courts have exclusive jurisdiction over Plaintiff's securities fraud claim under the Exchange Act and SEC Rule 10b-5, removal does not require all served defendants to consent. *See*, *e.g.*, *Seafarers Pension Plan on behalf of Boeing Co. v. Bradway*, 23 F.4th 714, 717 (7th Cir. 2022) ("The Exchange Act gives federal courts exclusive jurisdiction over suits filed under the Act."); *CW Management, LLC v. Global Holdings Group, LLC*, No. 10-cv-3218, 2011 WL 3678647, at *1 (D.S.C. Jul. 21, 2011) ("Because this court has exclusive jurisdiction over Plaintiff's federal securities claim, consent of all the served Defendants is not required."); *Ackerman v. Nat'l Prop. Analysts, Inc.*, No. 92 Civ. 0022, 1992 WL 84477, at *1 (S.D.N.Y. 1992) ("While the unanimous consent of all defendants is usually a precondition to removal, it is not required where the federal courts have exclusive jurisdiction over a cause of action upon which removal is based."); *State Med. Equip. Co. v. Farber*, Civ. A. No. 95–2596, 1995 WL 339024, at *2 (E.D. Pa.1995) ("Where federal courts have exclusive jurisdiction the requirement that all defendants must consent to removal must yield to logic, as there can be no way for any defendant to prevent removal of a case to federal court when that case can only be heard in federal court."); *cf. Santa Rosa Med. Ctr., Inc. v. Converse of Puerto Rico, Inc.*, 706 F. Supp. 111, 113 n.3 (D. Puerto Rico 1988) ("Of course, if federal jurisdiction were exclusive, the consent of all defendants would not be required to remove.").[8]

---

[8] Defendant Securities and Exchange Commission has advised counsel for the Removing Defendants that it does not oppose removal and would remove the case under 28 U.S.C. § 1442(a) and 28 U.S.C. § 2679 if it were to remain in state court or if the case were remanded to state court. *See*, *e.g.*, *Smith v. U.S. Dep't of Educ.*, No. 20-cv-474, 2021 WL 826557, at *4 (N.D. Ind. Mar. 4, 2021) (noting that defendant filed the notice of removal under Section 1442 because it is an agency of the United States); 28 U.S.C § 1446(b)(2)(A) (providing that unanimous consent is required only when removal is made "solely under section 1441(a)").

14. The Removing Defendants reserve all defenses, including but not limited to those under Rule 12(b) of the Federal Rules of Civil Procedure, and do not waive said defenses by the filing of this Notice. *Yassan v. J.P. Morgan Chase and Co.*, 708 F.3d 963, 965–66, 971, 975–76 (7th Cir. 2013); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004–05 (7th Cir. 2011). The Removing Defendants also reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, the Removing Defendants give notice that the above action now pending against them in the Circuit Court of the 22nd Judicial Circuit, McHenry County, Illinois, Case No. 2025-MR-000097, is hereby removed from the above-referenced State Court to the United States District Court for the Northern District of Illinois, Western Division.

Dated: June 20, 2025

Respectfully submitted,

*/s/ Robert Tannenbaum*
Adam Hoeflich
Robert Tannenbaum
BARTLIT BECK LLP
Courthouse Place
54 West Hubbard, Suite 300
Chicago, IL 60654
(312) 494-4400
adam.hoeflich@bartlitbeck.com
robert.tannenbaum@bartlitbeck.com

*Counsel to Citadel Securities LLC*

*/s/ James K. Goldfarb*
James K. Goldfarb
Michael V. Rella (*pro hac vice* forthcoming)
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel: (212) 489-4230
jamesgoldfarb@dwt.com
michaelrella@dwt.com

*Counsel to Canaccord Genuity LLC, Cantor Fitzgerald & Co., and Virtu Financial, Inc.*

*/s/ Paige Lohse*
Paige Lohse
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
(312) 214-8301
paige.lohse@btlaw.com

*Counsel to Charles Schwab & Co., Inc.*

*/s/ Nicholas Siciliano*
Nicholas Siciliano

LATHAM & WATKINS LLP
330 North Wabash Ave., Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Email: nicholas.siciliano@lw.com

Jason C. Hegt (*pro hac vice* forthcoming)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: jason.hegt@lw.com

*Counsel to Deutsche Bank Securities Inc., The Goldman Sachs Group, Inc., and UBS Asset Management Inc.*


*/s/ Gregory M. Boyle*
Gregory M. Boyle
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 923-2651
gboyle@jenner.com

*Counsel to Depository Trust & Clearing Corporation*


*/s/ Steven M. Malina*
Steven M. Malina
Greenberg Traurig LLP
360 North Green Street
Suite 1300
Chicago, IL 60607
(312) 476-5133
Steven.Malina@gtlaw.com

*Counsel to E*Trade Securities LLC*

*/s/ David T.B. Audley*
David T.B. Audley
Chapman and Cutler LLP
320 South Canal Street

Chicago, IL 60606
(312) 845-2971
audley@chapman.com

*Counsel to Harvey Vechery*

*/s/ Michael Turner*
Michael Turner (*pro se*)
780 Deltona Blvd., Suite 202
Deltona, FL 32725
(813) 344-4464
mt@globextransfer.com


*/s/ Steve Trubac*
Steve Trubac
Bryan Cave Leighton Paisner LLP
161 North Clark, Suite 4300
Chicago, IL 60601
(312) 602-5000
steve.trubac@bclplaw.com

*Counsel to Yahoo Finance LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2025, I filed the foregoing document using the CM/ECF system and I electronically transmitted the foregoing document via electronic mail and U.S. mail, postage prepaid and addressed as follows:

>Gregory J. Halpern
>11008 Morning Dove Lane
>Spring Grove, IL 60081
>Email: Greghalpern1@proton.me

>*/s/ Robert Tannenbaum*
>Robert Tannenbaum