



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| GREGORY J. HALPERN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITADEL SECURITIES LLC; KNIGHT )<br>SECURITIES; VIRTU FINANCIAL; CANTOR )<br>FITZGERALD; CANACCORD GENUITY; )<br>CHARLES SCHWAB & CO.; E*TRADE )<br>SECURITIES LLC; JP MORGAN CHASE & CO.; )<br>GOLDMAN SACHS GROUP INC.; MERRILL )<br>LYNCH; UBS ASSET MGMT, INC.; CREDIT )<br>SUISSE INC.; DEUTSCHE BANK SECURITIES; )<br>DEPOSITORY TRUST AND CLEARING CORP.; )<br>HARVEY VECHERY; YAHOO INC.; ADVFN )<br>INVESTORSHUB; MICHAEL TURNER; )<br>HAROLD BLAISURE; DEVINE MAFA; )<br>ALFRED HILDEBRAND a.k.a. BILL NICHOLS; )<br>CONSTANCE NASH )<br>)<br>Defendants. ) | No. 25 C 50269<br><br>Judge Pallmeyer |

## PLAINTIFF'S JUDICIAL NOTICE CLARIFYING PROCEDURAL STATUS OF CERTAIN DEFENDANTS

**Plaintiff Gregory J. Halpern** respectfully submits this Judicial Notice for the limited purpose of ensuring clarity and accuracy in the procedural record in light of the Court's November 26, 2025, Minute Order directing defendants to show cause within fourteen days why this action should not be remanded to the Circuit Court of McHenry County. This notice seeks no relief and does not request any action by the Court.

**1. Several Defendants Were in Default Prior to Removal and Have Never Cured Default**

Plaintiff provides notice that the following defendants were **in default in state court prior to removal**, and **no motions to vacate default or appearances curing those defaults** were filed prior to or contemporaneously with removal:

- **Canaccord Genuity Inc.**
- **Cantor Fitzgerald & Co.**
- **Depository Trust & Clearing Corporation (DTCC)**
- **Michael Turner**

These defendants did not join in, consent to, or otherwise participate in the removal of this action and remain in default status unless and until properly relieved of that status by the state court.

**2. Plaintiff Has Received Communications Suggesting Unified Representation of Multiple Defendants, Including Defaulted Parties**

Plaintiff recently received correspondence from counsel for **Charles Schwab & Co., Inc.**, which suggested that multiple independently represented defendants—including those listed above who were already in default—were jointly seeking procedural relief.

Plaintiff respectfully provides notice that:

- Counsel for Schwab does **not** represent the above defaulted defendants;
- Those defendants have **never appeared** in this action;

- They did **not** participate in removal; and
- They cannot be included in any "joint" procedural requests or filings.

This notice is provided solely to ensure that the docket accurately reflects the procedural posture of all defendants.

## 3. Knight Securities / Virtu Notation

Plaintiff also notes, for clarity of record, that Knight Securities continued to exist and trade under its market participant identifier (NITE), as reflected in **Exhibit A** to the Second Amended Complaint (Level-2 trading screenshots). Any prior assertion that Knight "did not exist" is factually inconsistent with the trading data of record.

## 4. Purpose of Notice

This Judicial Notice is filed **for record clarity only**. It raises no legal argument, seeks no ruling, and does not address the merits of the Court's pending show-cause directive. Its sole purpose is to ensure that the Court has an accurate procedural understanding of which defendants:

1. were in default prior to removal;
2. remain in default;
3. have never appeared; and
4. cannot participate in any joint procedural action or scheduling request